IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | NO. 1:CR- 16-81 |
| | ) | |
| v. | ) | (JUDGE Jones ) |
| | ) | |
| ANTHONY ALCANTARA, | ) | |
| CINDY MARTEL, | ) | |
| CAROL WATTS, | ) | |
| RICK JASON GREEN, | ) | |
| CHELSEA MILLER, and | ) | |
| CONRAD WARD | ) | |

**INDICTMENT**

FILED
HARRISBURG, PA
MAR 3 0 2016
MARIA E. ELKINS, CLERK
Per _VC_

THE GRAND JURY CHARGES THAT:

**COUNT ONE**
(Illegal Transaction with an Access Device)

Beginning on or about September 2014, up to and including April 23, 2015, in Dauphin and Cumberland Counties, Pennsylvania, within the Middle District of Pennsylvania, and elsewhere, the defendants,

ANTHONY ALCANTARA,
CINDY MARTEL,
CAROL WATTS,
RICK JASON GREEN,
CHELSEA MILLER, and
CONRAD WARD

1

knowingly and with intent to defraud, trafficked in and used one or more unauthorized access devices, that is, credit cards that were stolen along with checks and means of personal identification, and used without the owners' knowledge and consent, to purchase merchandise such as iPads, iPods, Mac Books and gift cards having a value in excess of $1,000.00 from on or about September 2014 up to and including April 23, 2015, said conduct affecting interstate and foreign commerce, in that the purchases were made at Best Buy, Target, and other retail establishments that do business in interstate commerce, and did aid, abet, counsel, command, induce and procure the same.

All in violation of Title 18, United States Code, Section 1029(a) (2) and (c) (1) (A) (i); Title 18, United States Code, Section 2.

## THE GRAND JURY FURTHER CHARGES THAT:

### COUNT TWO

(Conspiracy to Engage in Illegal Transactions with Unauthorized Access Devices)

Beginning on or about September 2014, up to and including April 23, 2015, in Dauphin and Cumberland Counties, Pennsylvania, within the Middle District of Pennsylvania, and elsewhere, the defendants,

**ANTHONY ALCANTARA,
CINDY MARTEL,
CAROL WATTS,
RICK JASON GREEN,
CHELSEA MILLER, and
CONRAD WARD**

combined, conspired, confederated and agreed with each other, and with persons known and unknown to the grand jury, to knowingly and with intent to defraud traffic in and use one or more unauthorized access devices, that is, credit cards that were stolen along with checks and means of personal identification, and thereafter used the stolen credit cards without the owners' knowledge and consent to purchase merchandise such as iPads, iPods, Mac Books and gift cards having a value in excess of $1,000.00 from on or about September 2014 up to and including April 23, 2015, said conduct affecting interstate and foreign

3

commerce, in that the purchases were made at Best Buy, Target, and other retail establishments that do business in interstate commerce.

All in violation of Title 18, United States Code, Section 1029(b) (2).

# FORFEITURE ALLEGATION

1. The allegations contained in Counts One and Two of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Sections 982(a)(2)(B) and 1029(c)(1)(C).

2. Upon conviction of the offenses in violation of Title 18, United States Code, §§ 1029 (a)(2), (c)(1)(A)(i), and (b)(2) set forth in Counts One and Two of this Indictment, the defendants,

**ANTHONY ALCANTARA,**
**CINDY MARTEL,**
**CAROL WATTS,**
**RICK JASON GREEN,**
**CHELSEA MILLER, and**
**CONRAD WARD**

shall forfeit to the United States of America (a) pursuant to Title 18, United States Code, Section 982(a)(2)(B), any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violation(s); and (b) pursuant to Title 18, United States Code, Section 1029(c)(1)(C), any personal property used or intended to be used to commit the offenses.

The property to be forfeited includes, but is not limited to:

    a.    United States currency in the approximate amount of $179,497.95.

3. If any of the property described above, as a result of any act or omission of the defendants:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, § 853(p), as incorporated by Title 18, United States Code, Sections 982(b)(1) and 1029(c)(2) and Title 28, United States Code, Section 2461(c).

All pursuant to 18 U.S.C. §§ 982(a)(2)(B) and 1029(c)(1)(C) and 28 U.S.C. § 2461(c).

A TRUE BILL

███████████
FOREPERSON, GRAND JURY

3.30.2016
DATE


PETER J. SMITH
UNITED STATES ATTORNEY

*[signature]*
WILLIAM A. BEHE
ASSISTANT UNITED STATES ATTORNEY